IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNNIE HAIRSTON,

      Petitioner,                         No. CIV S-11-0102 EFB P

    vs.

G. SWARTHOUT,

      Respondent.                       ORDER

_____/

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. He challenges the California Board of Parole Hearings' 2009 finding that he was unsuitable for parole, claiming that the Board's decision violated his federal right to due process. Dckt. No. 1 at 13.[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

      For the reasons explained below, the court finds that petitioner's application for a writ of habeas corpus must be dismissed. *See* Rule 4, Rules Governing § 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it plainly appears "that

---

[1] For ease of reference, all references to page numbers in the petition are to those assigned via the court's electronic filing system.

1

the petitioner is not entitled to relief in the district court").

In California, a prisoner is entitled to release unless there is "some evidence" of his or her current dangerousness. *In re Lawrence*, 44 Cal. 4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal. 4th 696, 651-53 (2002). But the United States Supreme Court recently held that federal habeas review of a parole denial is limited to the narrow question of whether a petitioner has received "fair procedures." *Swarthout v. Cooke*, 526 U.S. __ (2011), No. 10-333, 2011 WL 197627, at *2 (Jan. 24, 2011). In other words, a federal court may only review whether a petitioner has received a meaningful opportunity to be heard and a statement of reasons why parole was denied. *Id.* at **2-3 (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"). Thus, this court may not review whether the Board correctly applied California's "some evidence" standard. *Id.* at *2.

The record reflects that petitioner was given the opportunity to be heard at his 2009 parole suitability hearing and received a statement of the reasons why parole was denied. *See* Dckt. No. 1 at 40-113. This is all that due process requires. *Swarthout*, 2011 WL 197627, at **2-3.[2] Accordingly, the petition should be dismissed for failure to state a cognizable claim. There is no basis for concluding that a tenable claim for relief could be pleaded if leave to amend were granted. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted).

////

////

---

[2] Petitioner does assert that he "did not sign his Board Packet regarding his understanding of his Rights and never signed consent to be appointed an Attorney, or a consent to his thereafter appointed counsel to review/possess his Central File or any other confidential material." Dckt. No. 1. at 20. None of these issues constitutes a denial of due process under *Swarthout*.

Accordingly, it is hereby ORDERED that:

1. Petitioner's application for a writ of habeas corpus is dismissed;

2. The Clerk is directed to close the case;

3. The court declines to issue a certificate of appealability; and

4. The Clerk shall serve a copy of this order together with a copy of petitioner's January 11, 2011 petition for a writ of habeas corpus with any and all attachments on Michael Patrick Farrell, Senior Assistant Attorney General for the State of California. *See* Rule 4, Rules Governing § 2254 Cases.

DATED: May 9, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE